**Earl B. HINES, Appellant,**

v.

**Eleanor B. HINES, Appellee.**

**No. 4662.**

Supreme Court of Alaska.

Feb. 6, 1981.

David S. Kosterlitz, Law Office of Johnson, Christenson & Associates, Anchorage, for appellant.

Helen L. Simpson, Anchorage, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

OPINION

CONNOR, Justice.

The issue confronting us in this marital property division appeal is whether the superior court properly divided the parties'

property some two years after a default judgment was entered in the case. We hold that the court did not err in its action.

Earl Hines filed for divorce from his wife Eleanor in October, 1975. Eleanor, through her attorney, admitted the allegations of Earl's complaint, and asked the court to adjudicate the property rights of the couple. After Eleanor twice failed to appear for depositions, and failed to sign and send to Earl answers to interrogatories that her counsel had prepared,[1] Judge Eben H. Lewis in January, 1977, entered a divorce decree, prepared by Earl's counsel. This decree specified that each party would retain his or her own income from September, 1975, on, and that the remaining property would split equally. No item-by-item disposition was made, as Earl believed the parties could work this out between themselves.

In September of 1977, Earl moved for an order formally specifying which items of property should be awarded to each party, because the parties had been unable to reach an agreement. Eleanor then obtained new counsel and, according to Earl, began to cooperate with him. In December, Earl proposed a new property division, as he had learned that some of the couple's property under Eleanor's control had been lost. Shortly thereafter, however, Eleanor went to the couple's accountant and removed records which he was using to prepare tax returns. Eleanor apparently refused to comply with a court order instructing her to return the records so that the accountant could prepare a financial report for the court.

A hearing on Earl's property division motion was set for June 2, 1978. On that date Eleanor filed a lengthy affidavit opposing Earl's motion to have his property settlement imposed on Eleanor as a sanction for her non-cooperation. She stated, among

other things, that in March, 1976, she was severely injured in an automobile accident, causing her inability to cooperate in the early stages of the suit; that the records of the accountant were in the trunk of her automobile currently undergoing repair, and hence inaccessible to her; that her physical condition and lack of a telephone prevented regular communication with her counsel; and that she very much desired a hearing on the property division. Accordingly, Earl's motion was denied, and a full evidentiary hearing was held before Judge Ripley in August. Later that month the judge rendered an oral decision. In March, 1979, he signed an order, prepared by Eleanor, reflecting his oral decision.

■ Earl has not seriously contended that Judge Ripley's modified property division is unjust.[2] Rather he argues that the January, 1977 decree was a valid one that could not be simply ignored.

The difficulty with Earl's argument is that he has made no persuasive showing that the property division ordered by Judge Ripley was inconsistent with the earlier default judgment. No total valuation of the property available for distribution has been presented and none was presented to the court below. Without such information as a point of beginning, meaningful review is impossible.

What we can tell from the record is that Eleanor received an escrow which the court valued at some $3,800, another escrow which the court stated "may or may not have any value" but which Eleanor values at approximately $13,000, and certain real property in Homer which the court found to have a negligible net value. In addition, an expected $20,000 income tax refund was ordered divided equally between the parties. However, Eleanor was ordered to pay Earl from her portion of the tax refund some $6,500 which he had paid to prevent

---

1. This attorney, Eleanor's first in this case, withdrew in September, 1976, because of Eleanor's non-cooperation.

2. He does make some vague allegations that the judge's division was not supported by the evidence. However, he does not mention the

many financial problems that have beset Eleanor in recent years, nor does he address Judge Ripley's conclusion that he (Earl) was responsible in large part for these problems. We find no injustice in the judge's division.

foreclosure of the Homer real estate. Earl was to receive his pension fund in its entirety which was accumulated by earnings received in part during the marriage and which pays him $1,060 per month, but is not valued, and the equity in certain real estate which he brought into the marriage but on which payments and improvements had been made during the marriage, which is likewise not valued. It cannot be concluded, on this record, that a property division inconsistent with the default judgment was accomplished.

 Earl also contends that Judge Ripley erred in not imposing Earl's proposed property division as a sanction against Eleanor for her failure to comply with discovery.[3] The imposition of sanctions for discovery violations is committed to the discretion of the trial judge. *Bachner v. Pearson*, 432 P.2d 525, 528 (Alaska 1967). We cannot say that Judge Ripley abused that discretion here.

The order of property division is AFFIRMED.

BOOCHEVER, J., not participating.